On Return To Remand

McMillan, judge.
This cause was remanded with instructions that the trial court require the State to respond to the allegations contained in the appellant’s Rule 32, A.R.Cr.P., petition. Additionally, the trial court was instructed to conduct any further proceedings that it may have deemed necessary under Rule 32.7(d) and Rule 32.9, A.R.Cr.P. The trial court has returned to us the following specific findings of fact and order denying the petition:
“This matter having come on before the Court on a remand from the Court of Criminal Appeals of the State of Alabama, and upon such remand, the State of Alabama having now filed its amended motion to dismiss, and the Court, thereafter, having proceeded to review the Defendant’s petition, the State’s original motion to dismiss, the State’s motion to dismiss as amended, the Court file and official Court record in this cause, together with all other pleadings and matters, and upon such review
“It appearing to the Court that the Defendant has assigned in his instant petition grounds alleging ineffective assistance of counsel, lack of jurisdiction by the trial Court to render judgment or impose sentence, a sentence imposed exceeding the maximum authorized by law, newly discovered evidence, and failure on behalf of the Defendant to appeal within the time prescribed by law; and upon considering such based on the Defendant’s allegation that he does not challenge his plea of guilty but only questions the sentence received pursuant to such plea; and
“It appearing to the Court as to the grounds alleging ineffective assistance of counsel, together with the issues raised under the same[,] lack of jurisdiction by the Court to render judgment or impose sentence, and a sentence imposed exceeding the maximum authorized by law, that the Defendant and his counsel entered into a plea agreement with the Office of the District Attorney regarding the charge against the Defendant, his stipulation as to his prior criminal record for purposes of treatment under the Alabama Habitual Felony Offender Act, and the sentence which the Defendant would receive based upon such agreement and stipulation; and
“It further appearing to the Court that such matters are contained in the official Court record and transcript in this cause and contained as a part of Defendant’s initial petition for relief under the provisions of Rule 32 of the Alabama Rules of Criminal Procedure filed with this Court in October 1991; and
“It further appearing to the Court that such plea agreement entered into between the Defendant and his attorney and the State of Alabama through the district attorney’s office met with the approval of the Defendant and that he raised no objection to such at the time he entered his plea of guilty; and
“It further appearing to the Court, based upon the same, that the Defendant cannot so claim ineffective assistance of counsel, nor can his attorney’s conduct be shown to have prejudiced the Defendant, nor can the same have been prejudicial to him to the extent that it would have affected the ultimate outcome of the Defendant’s case had it gone to trial when weighed against the evidence presented to the Court by the assistant district attorney in a recitation of facts upon which the State would rely in order to obtain a conviction, such being done at the time of Defendant’s plea of guilty; and
“It further appearing to the court, based upon the foregoing, that the Defendant has failed to meet the standard for ineffective assistance of counsel as set out by the United States Supreme Court in the case of Strickland v. Washington [466 U.S. *769 668], 104 S.Ct. 2052 [80 L.Ed.2d 674] (1984); and
“It further appearing to the Court that the Defendant has failed to allege a clear and specific statement or full disclosure of any fact so as to sustain his ground relative to the jurisdiction of the Court or as to the sentence imposed by the Court at the time that the Defendant entered his plea of guilty to a Class B felony with the Defendant having three or more prior felony convictions; and, lacking more, that such grounds require no further proceedings before this Court in accordance with the provisions of Rule 32.6(b), Alabama Rules of Criminal Procedure; and
“It further appearing to the Court that such grounds are precluded under the provisions of Rule 32.2(a)(3) and/or (5), Alabama Rules of Criminal Procedure, due to the fact that the Defendant could have, but did not, raise any of such issues at the time that he entered his plea of guilty or on appeal; and
“It further appearing to the Court that such matters are further precluded under the provisions of Rule 32.2(b), Alabama Rules of Criminal Procedure, due to the fact that the Defendant has previously raised the grounds of ineffective assistance of counsel and a sentence imposed exceeding the maximum authorized by law, both of which were denied by the Court in an order denying relief on a prior petition filed by the Defendant in October, 1991; and that such were determined and ascertained by the Court from a review of the Court file and a transcript in this cause; and, such being done, the Court found no necessity for an evidentiary hearing as to these matters at such time and that such were properly denied by the Court after a review of the same; and
“It further appearing to the Court as to the grounds alleging lack of jurisdiction by the Court and newly discovered evidence, that-such matters could have been raised in the_Defendant’s initial petition filed with the Court in October 1991, but were not; and, based upon the provisions of Rule 32.2(b), Alabama Rules of Criminal Procedure, even if such grounds had merit, and the Court finds as a matter of law they do not, the Defendant has notwithstanding failed to show that any good cause existed as to why such grounds could not have been set out in his initial petition or as to why knowledge of the facts in question relative to such grounds were not known or could not have been ascertained through his own due diligence, and that failure to entertain the present petition would result in a miscarriage of justice; and, failing to do so, such grounds are barred; and
“It further appearing to the Court as to the ground alleging newly discovered evidence that such ground contains no alleged newly discovered facts, but only contains a recitation of the allegations of the language involving [sic] such as set out in Rule 32.1(e), Alabama Rules of Criminal Procedure; and, failing to include more, such does not constitute a clear and specific statement or full disclosure of facts made the basis of such ground and [does] not require any further proceedings before this Court in accordance with provisions of Rule 32.6(b), Alabama Rules of Criminal Procedure; and
“It further appearing to the Court as to the Defendant’s allegation of his failure to appeal within the time required by law, that such ground is without any basis in law or in fact inasmuch as the sentencing Court advised the Defendant at the time of his plea of guilty and imposition of sentence of his right to appeal and the time limitations placed upon him for such; and, the Court having complied with such matter, the Defendant cannot claim that he was not aware of his appeal rights subsequent to his entry of a plea of guilty; and
“It further appearing to the Court with regard to any and all other grounds not previously covered by the Court in this order as to such, that such grounds are also precluded under the provisions of Rule 32.2(a)(3) and/or (5), Alabama Rules of Criminal Procedure, due to the fact that such could have been, but were not, raised either at the time the Defendant entered his plea of guilty or on appeal; and
“It further appearing to the Court with regard to any and all other matters not *770 previously covered by prior provisions of this order that the same are further precluded under the provisions of Rule 32.2(b), Alabama Rules of Criminal Procedure, due to the fact that the Defendant’s present petition is a second or successive petition on either the same grounds as a prior petition or is on different grounds not contained in the prior petition, and such having been previously adjudicated against the Defendant, or, in the alternative, he has failed to show why such grounds either were not known to him or could not have been ascertained through his own diligence when the first petition was filed; and that he has further failed to allege that a failure to entertain the present petition would result in a miscarriage of justice; and
“The Court having proceeded to review and consider all of the foregoing, and upon due consideration thereof, IT IS HEREBY
“ORDER, ADJUDGED, AND DECREED BY THE COURT that the motion to dismiss filed by the State of Alabama in this cause be, and the same hereby is, GRANTED.”
After reviewing the trial court’s findings, we conclude that its judgment is due to be affirmed.
AFFIRMED.
All Judges concur.